(C. D. 1866)

B. R. Anderson & Co. }
Hemphill Brothers, Inc. } *v.* United States

United States Customs Court, First Division

(Decided April 2, 1957)

*Bogle, Bogle & Gates* (*George R. Tuttle, Edward G. Dobrin,* and *Walter B. Williams* of counsel) for the plaintiffs.

*George Cochran Doub,* Assistant Attorney General (*Joseph E. Weil* and *Samuel D. Spector,* trial attorneys), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge: This case involves the proper classification and rate of duty to be applied to crude, crushed, or broken limestone, imported from Canada. It was assessed with duty at the rate of 1¼ cents per 100 pounds under the provision in paragraph 203 of the Tariff Act of 1930, as modified by the Presidential proclamation relating to the General Agreement on Tariffs and Trade, T. D. 51802, for—

Limestone (not suitable for use as monumental or building stone), crude, or crushed but not pulverized * * *.

The protest claim is that the merchandise is entitled to free entry as limestone, crude, crushed, or broken, imported to be used in the manufacture of fertilizer, or as a substance used chiefly for fertilizer, or as a substance used chiefly as an ingredient in the manufacture of

# 224

fertilizers, under the provisions of paragraph 1685 of the tariff act, as amended by the Act of June 24, 1948, chapter 614, Public Law 750, 62 Stat. 583. The said paragraph, as so amended, reads as follows:

PAR. 1685. Guano; basic slag (ground or unground); manures; limestone, crude, crushed, or broken, when imported to be used in the manufacture of fertilizer; and (notwithstanding any other provision of this Act) those grades of substances used chiefly for fertilizers, or chiefly as an ingredient in the manufacture of fertilizers.

It appears that the merchandise, upon importation, was released without the payment of duty under the provisions of section 10.101 of the customs regulations, conditioned upon the production of satisfactory proof of the use of the limestone in the manufacture of fertilizer. Apparently, no effort was made to supply proof to the collector as to the use of the merchandise after importation, as required by the regulation, and the entries were liquidated as dutiable under paragraph 203, *supra*.

Section 10.101 of the customs regulations, as amended (83 Treas. Dec. 267, T. D. 51961), reads, so far as pertinent, as follows:

### LIMESTONE

**10.101 Limestone to be used in the manufacture of fertilizer.**—Pursuant to paragraph 1685, Tariff Act of 1930, as amended [quoted in a footnote], crude, crushed, or broken limestone when imported to be used in the manufacture of fertilizer, may be released without the deposit of duty in the same manner and subject to the same conditions as leather to be used in the manufacture of footwear (see sec. 10.84), except that the proof of use shall show that the limestone was used in the manufacture of fertilizer and the other documents required shall be modified accordingly. * * *

Section 10.84 of the customs regulations, referred to in section 10.101, provides for the filing of the affidavit of the importer, certain bonds, and an affidavit or affidavits of proof of use in connection with the importation of leather at a reduced rate, conditioned upon its being used in the manufacture of boots, shoes, or other footwear.

Plaintiffs contend that compliance with the aforementioned regulations is not a condition precedent to free entry under the statute; that the regulations are directory only, and not mandatory; and that proof of compliance with the terms of the statute can be made in this court.

In connection with the proof offered in this court, plaintiffs made no claim that the end product of the manufacturing operations performed upon the imported limestone was actually used as fertilizer; it is contended, rather, that the end product was a fertilizer, even though it may not have actually been used as such, and that the statute does not require use of the end product as a fertilizer, but only *manufacture of the imported material* into fertilizer.

Importer contends that it manufactured the imported material

(with certain exceptions) into pulverized limestone and that pulverized limestone is a fertilizer, being chiefly used as such.

The first issue which must be disposed of, therefore, is whether or not compliance with the quoted customs regulations is a condition precedent to recovery in any event. In the brief filed in their behalf, plaintiffs' counsel cite the cases of *United States* v. *Browne Vintners Co., Inc.*, 34 C. C. P. A. (Customs) 112, C. A. D. 351, and *United States* v. *Washington State Liquor Control Board*, 34 id. 118, C. A. D. 352, as authorities in connection with that issue.

The plaintiffs in those cases contended that certain liquor which was covered by entries filed at the customhouse had, in fact, not been landed from the importing vessels. There were in existence and applicable to such situations, certain customs regulations prescribed and promulgated by the Secretary of the Treasury, being section 15.8 of the customs regulations, to the effect that no allowance should be made in the assessment of duties for lost or missing packages appearing on the entries, unless certain proof in affidavit form was filed with the collector within 30 days after notice to the importer of the shortage. The importers in those cases failed to comply with the regulations and, before this court, established that, in fact, the merchandise had either never been shipped or had never been landed.

The regulations in those cases had been made and promulgated, as were the regulations here involved, by the Secretary of the Treasury under the general authority conferred upon him by section 624 of the Tariff Act of 1930, providing as follows:

SEC. 624. GENERAL REGULATIONS.

In addition to the specific powers conferred by this Act, the Secretary of the Treasury is authorized to make such rules and regulations as may be necessary to carry out the provisions of this Act.

In disposing of the issue in favor of the importers, our appellate court pointed out that regulations promulgated by the Secretary of the Treasury in connection with customs matters may fall into one of two classes. In connection with merchandise permitted free entry or entry at a reduced rate of duty, conditioned upon the performance of some act, the Congress, in some instances, makes free entry or entry at a reduced rate subject to compliance with regulations to be prescribed by the Secretary as to proof of performance of the act, and, in other instances, does not in direct terms in the provision granting the exemption or reduced rate of duty make compliance with regulations a condition precedent.

The court pointed out that, in a long line of judicial decisions, the distinction between these two situations had been made, and it had been held that, where such regulations were promulgated by the Secretary under the general power to make rules and regulations for the guidance of collectors in the conduct of the business of their

offices, such as is contained in section 624, *supra*, the regulations were administrative or directory only, and compliance therewith, while highly desirable, was not a condition precedent to recovery. Where, however, the congressional act which grants the exemption or reduced rate of duty makes the application thereof subject to regulations to be prescribed by the Secretary, it has been held that such regulations were mandatory in character, and compliance therewith is a condition precedent to recovery.

The appellate court, however, also pointed out that the mere fact that a regulation was administrative or directory only under the foregoing rule would not necessarily determine that it did not have the force and effect of law and be binding upon the parties under the same rule of law that applies to mandatory regulations. As illustrative of this point, the court cited the cases of *Gallagher* v. *United States*, 1 Ct. Cust. Appls. 69, T. D. 31034, and *Talbot* v. *United States*, 1 id. 415, T. D. 31483, involving the regulation fixing office hours for customs officials, which, although promulgated by the Secretary of the Treasury under the statute which authorized him to make general regulations, was, nevertheless, held to be reasonable and under which the collector was not bound to keep his office open beyond the time prescribed by the regulation for the purpose of permitting merchandise to be withdrawn from warehouse or making entry thereof.

The attention of the court was directed to its decision in the case of *United States* v. *Canada Dry Ginger Ale, Inc.*, 34 C. C. P. A. (Customs) 12, C. A. D. 337, involving a similar situation and a predecessor customs regulation, in all material respects the same as section 15.8, involved in the *Browne Vintners Co.* and *Washington State Liquor Control Board* cases, *supra*, and wherein it was held that, although the predecessor regulation had also been promulgated under the Secretary's general power to make regulations, in the absence of claim that it was invalid or unreasonable, it had the force and effect of law, and the collector's decision refusing to make allowance in duties for merchandise not landed was not erroneous. In its decision in the *Browne Vintners Co.* case, our appellate court stated that the distinction in result between the two cases was that, in the *Canada Dry Ginger Ale, Inc.*, case, the validity and reasonableness of the regulations had not been challenged, whereas they had been challenged in the *Browne Vintners Co.* case.

The rule apparently to be derived from the cases is, therefore, that, even in the case of a regulation of an administrative or directory character, an importer cannot ignore the regulation, as did the plaintiffs in this case, and elect to establish proof of compliance with the terms of the statute in this court, unless as a necessary concomitant of the case in this court the reasonableness or validity of the regulation is brought into question.

So far as the record shows, the plaintiffs in this case made no effort whatsoever to comply with section 10.101, *supra*, of the customs regulations, and it has neither been alleged nor established that such regulation was unreasonable or invalid. Under these circumstances, and following the authority of the decision in *United States* v. *Canada Dry Ginger Ale, Inc.*, *supra*, the protests must be overruled.

Judgment will issue accordingly.